IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PARIS M. DOSS,

     Plaintiff,

v.

CITY OF DESOTO and DALLAS V.A.
HOSPITAL,

     Defendants.

Case No. 3:19-cv-00408-S-BT

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* civil action are three motions: (1) Defendant the City of DeSoto's Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) (ECF No. 9); (2) Defendant the United States Department of Veterans Affairs' (the "VA") Motion to Dismiss under Rules 12(b)(1), 12(b)(5), and 12(b)(6) (ECF No. 12); and (3) Plaintiff Paris Doss's "Motion for Hearing/Notice of Intent to Prove Guilt" (ECF No. 11). For the reasons stated, Plaintiff's Motion is DENIED, Defendants' Motions should be GRANTED, and Plaintiff's claims should be DISMISSED without prejudice.

**Background**

Plaintiff's Complaint states in its entirety:

> The Dallas V.A. Hospital and the City of DeSoto conspired with USAA Bank, Citibank, ADT Alarms, Social Security, Facebook, Yahoo, Inc., T-Mobile, Enterprise, Inc. to systematically ruin my life by violating federal laws, federal regulations and constitutional laws

1

> because I would not join their corrupt enterprise. They never investigated or filed any police reports on thefts in my house. They overrode federal judge orders. They attacked my daughter and sons mother [sic] and brought them to Dallas County and made sex slaves out of them which is kidnapping, hostage taking, sex trafficking. I have to hear both of them screaming in my neighborhood being passed around. The DeSoto Police laugh in my face and say you have no rights because you are black. That is organized crime, racketearing [sic], terrorism, and treason.

Compl. 1 (ECF No. 2). The Court liberally construes Plaintiff's Complaint as attempting to state a cause of action against the VA[1] and the City for conspiracy to violate his constitutional rights and for violation of his right to equal protection, both under 42 U.S.C. § 1983. The Court does not construe his Complaint as a demand for private enforcement of the federal criminal statutes prohibiting terrorism or treason—18 U.S.C. § 2332b(a) and 18 U.S.C. § 2381, respectively— because there is no private cause of action for violations of federal criminal statutes. *Pierre v. Guidry*, 75 F. App'x 300, 300 (5th Cir. 2003) (per curiam); *Hunter v. Martinez*, 2008 WL 3895969, at * 2 (N.D. Tex. Aug. 20, 2008).

After being served with the suit on May 28, 2019, the City timely filed its Motion to Dismiss. Following service on a VA doctor, the VA timely filed its Motion to Dismiss. Plaintiff did not respond to either Motion to Dismiss, but he did file a "Motion for Hearing/Notice of Intent to Prove Guilt." Neither the City nor the VA

---

[1] The VA points out that there is no such entity named "Dallas V.A. Hospital," but it assumes Plaintiff intended to sue the Dallas V.A. Medical Center, a hospital operated by the VA. VA Mot. 1. The Court assumes the same.

responded to Plaintiff's Motion. Accordingly, all three motions are ripe for determination.

## Preliminary Matters

Prior to attempting service on either Defendant, Plaintiff filed a Demand for a Jury Trial (ECF No. 4) and a Motion for Hearing to set a jury trial date (ECF No. 5). The Court denied the Motion for Hearing without prejudice as premature because neither Defendant had yet been served. Order 2 (ECG No. 6). The Court also denied the demand for a jury trial to the extent it requested relief beyond repeating his general request for a jury trial already made in his complaint. *Id.* Then, after the City filed its Motion to Dismiss, Plaintiff filed another Motion for Hearing (ECF No. 11) reiterating the allegations in his complaint and stating his intent to prove both Defendants "guilty" of those allegations. Pl.'s Mot. 1. The pending Motion for Hearing, unlike Plaintiff's original Motion for Hearing, does not appear to seek a hearing for the purpose of setting a trial date. *Id.* To the extent Plaintiff intended his Motion to renew his request to have a hearing to set a trial date, it is DENIED. As set forth below, the Court recommends Plaintiff's claims be dismissed; therefore, it is inappropriate to schedule a jury trial at this time. To the extent Plaintiff intended his Motion to request a hearing at which he will prove his case against Defendants, it is DENIED. Again, because the Court recommends Plaintiff's claims be dismissed, a trial would be inappropriate. Finally, to the extent Plaintiff intended his Motion to be a response to the City's Motion to Dismiss or a

supplement to the allegations stated in his Complaint, the Court has considered it accordingly in addressing the motions to dismiss.

## Legal Standards

### I. Rule 12(b)(5)

The plaintiff in a civil action is responsible for having the summons and complaint timely served on all the defendants. *See* Fed. R. Civ. P. 4(c)(1). If the plaintiff does not do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). *See also*, *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). Rule 12(b)(5) permits a challenge to the plaintiff's method of service or the lack of delivery of the summons and complaint. Fed. R. Civ. P. 12(b)(5); *Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 745 (N.D. Tex. 2013). When service of process is challenged, "the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) (citations omitted). To establish good cause, a plaintiff must demonstrate "at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Similarly, a plaintiff's *pro se* status does not excuse the failure to properly effect service of process. *Id.*

II. Rule 12(b)(6)

When deciding a 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). To survive a Rule 12(b)(6) motion, therefore, a plaintiff's complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). This pleading standard does not require "'detailed factual allegations,'" but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Twombly*, 550 U.S. at 556). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Where the facts do not permit the Court to infer more than the mere possibility of misconduct, the

complaint has stopped short of showing that the plaintiff is plausibly entitled to relief. *Id*. at 678 (citing *Twombly*, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). However, the pleadings, for the purpose of determining a Rule 12(b)(6) motion, include documents attached to the pleadings and to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to [his] claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)).

## Analysis

I. <u>Each of Plaintiff's claims should be dismissed under Rule 12(b)(5) as to the VA because Plaintiff has not properly served the VA.</u>

The VA is a federal agency that provides benefits to military veterans and their dependents. 38 U.S.C. § 301(a)-(b). To properly serve a United States agency, a plaintiff must serve the United States and send a copy of the summons and complaint by mail to the agency. Fed. R. Civ. P. 4(i)(2). To serve the United States, a party must serve the United States attorney for the district where the action is brought and send a copy of the summons and complaint by mail to the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1). A plaintiff may serve the United States attorney by delivering the summons and the complaint to him or her, delivering the summons and complaint to an assistant United States attorney or clerical employee designated by the United States attorney, or mailing the

summons and complaint to the civil-process clerk at the United States attorney's office. Fed. R. Civ. P. 4(i)(1)(A). Proof of service must be filed with the Court. Fed. R. Civ. P 4(l)(1).

Here, Plaintiff appears to have personally served Dr. Stephen Holt at the Dallas V.A. Medical Center. Summons Return 1 (ECF No. 10). Assuming without deciding that service on Dr. Holt satisfies Plaintiff's requirement under Rule 4(i)(2) to supply the agency with a copy of the summons and the complaint, Plaintiff has nonetheless failed to properly effect service in this case. He has named the VA as a defendant, but he has not filed with the Court proof of service on the United States. *Brown v. Dep't of Veterans Affairs*, 2017 WL 3575601, at *3 (N.D. Tex. July 27, 2017) (noting the requirement that the plaintiff serve the United States attorney when the Department of Veterans Affairs is named as a defendant), *rec. adopted*, 2017 WL 3575250 (N.D. Tex. Aug. 17, 2017). As Plaintiff has not responded to the VA's Motion to Dismiss pointing out the defects in service, Plaintiff has not demonstrated good cause for his failure to timely serve the United States. Therefore, Plaintiff has not complied with Rule 4, and his claims should be dismissed without prejudice as to the VA under Rule 12(b)(5).

II. Each of Plaintiff's claims should be dismissed under Rule 12(b)(6)
as to the City because Plaintiff has failed to adequately state his claims.

Plaintiff has neither stated a claim for § 1983 conspiracy nor a violation of his right to equal protection, and such claims should be dismissed without prejudice. To establish a § 1983 conspiracy claim, a plaintiff must show (1) an

agreement among alleged co-conspirators to deprive him of his constitutional rights; and (2) that such an alleged deprivation actually occurred. *Montgomery v. Walton*, 759 F. App'x 312, 314 (5th Cir. 2019) (per curiam). "Conclusory allegations that do not reference specific factual allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983." *Id.* (citing *Arsenaux v. Roberts*, 726 F.2d 1022, 1023-24 (5th Cir. 1982). In other words, a plaintiff must plead specific, nonconclusory facts that establish that there was an agreement among the Defendants to violate his federal civil rights. *Id.* (citing *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004). Moreover, the alleged constitutional violation at issue, violation of the equal protection clause, requires that Plaintiff allege he was treated differently than similarly situated individuals and that the unequal treatment stemmed from discriminatory intent. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 227 (5th Cir. 2012).

Plaintiff has not sufficiently alleged that his right to equal protection was violated, and for this reason he has also not sufficiently alleged a § 1983 conspiracy. Liberally construed, Plaintiff's allegations appear to assert that, because he is black, the City refused to investigate or "file[] any police reports on thefts in [his] home," or help him when his family members were purportedly "kidnapp[ed]" for purposes of sex trafficking. Compl. 1. But Plaintiff fails to allege that others similarly situated to him were treated more favorably. Plaintiff's complaint and Motion for Hearing lack allegations about other individuals at all, let alone those

similarly situated.[2] Moreover, because Plaintiff has not stated a claim for a civil rights violation, he necessarily has not stated a claim for conspiracy to violate his civil rights under § 1983. But, even if Plaintiff's allegations were sufficient to raise an inference of an equal protection violation above the speculative level, Plaintiff nonetheless cannot survive dismissal on his § 1983 conspiracy claim because he has not alleged an agreement between the Defendants to violate his civil rights beyond simply stating that they "conspired" to ruin his life.

Additionally, because Plaintiff is suing a municipality, he is required to sufficiently state a claim for municipal liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *Piotrowski*, 237 F.3d at 579 (noting that to establish municipal liability, a plaintiff must plead an official policymaker promulgated an official policy which was the moving force behind a violation of constitutional rights). Plaintiff has not sufficiently stated a claim for municipal liability here.

## Recommendation

For the foregoing reasons, Plaintiff's Motion for Hearing (ECF No. 11) is DENIED, the City's Motion to Dismiss (ECF No. 9) should be GRANTED under Rule 12(b)(6) on the grounds that Plaintiff has failed to state a claim, and the VA's Motion to Dismiss (ECF No. 12) should be GRANTED under Rule 12(b)(5) on the

---

[2] To the extent Plaintiff intended to state a claim other than a civil rights violation by his failure-to-investigate allegations, the Court notes that failure to investigate or protect is not a cause of action. *Piotrowski v. City of Hous.*, 237 F.3d 567, 583-84 (5th Cir. 2001).

grounds that Plaintiff has not properly served the United States. Plaintiff's claims should be DISMISSED without prejudice.

      **SIGNED** February 18, 2020.

                      _____

                      REBECCA RUTHERFORD
                      UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

      The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).